UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

WILLIAM FREDERICK DOUGLAS                                        PLAINTIFF

V.                                         CIVIL ACTION NO. 3:23-CV-538-KHJ-MTP

COMMISIONER BURL CAIN, et al.                                   DEFENDANTS

ORDER OF PARTIAL DISMISSAL

This matter is before the Court sua sponte. The Court dismisses Douglas's wrongful-confinement claims and dismisses Defendants Magee, Christopher, Jackson, Rogers, Mallard, and Durr. His conditions-of-confinement claims against the remaining Defendants will go forward.

I.   Background

Pro se Plaintiff William Frederick Douglas, III, is incarcerated with the Mississippi Department of Corrections (MDOC). *See* Compl. [1] at 2. He is housed at the Central Mississippi Correctional Facility ("CMCF") in Pearl, Mississippi. *Id.* at 1.

Douglas brings this Section 1983 action for damages, challenging his incarceration and conditions of confinement. *See id.* at 5–8; Resp. [10].[1] The named Defendants include:

- MDOC Commissioner Burl Cain,

---

[1] The Court previously severed Douglas's habeas claims and explained, "[t]o the extent Douglas seeks speedier release, he must pursue a writ of habeas corpus." Order [6] at 1 (citation omitted). Douglas's habeas case now proceeds in civil action number 3:23-CV-3130.

- MDOC Deputy Commissioners Kelley Christopher and Jewoski Mallard,
- Prosecutor Jasmine Magee,
- Director of Records Kevin Jackson,
- Assistant Director of Records Linda P. Durr,
- Probation Officer Thomas Rogers,
- Correctional Officer Adewale Idowe,
- K-9 Officer Greene, and
- Nurse Practitioners Wiebowski and Davis, both employed at CMCF by MDOC's medical contractor.

[1] at 1, 3; Resp. [13] at 4; Order [14]. Douglas claims that he is illegally incarcerated, endured excessive force, and then was denied medical care. *See* [10]; [13].

First, Douglas challenges the fact of his incarceration. He begins by claiming that he has not received all the sentencing credits that the state trial court awarded him when it originally sentenced him for uttering a forgery. *See* [1] at 5–6. He contends that Durr will not correct his time sheet. *See* [10] at 2–3.

Douglas also alleges that the state trial court convicted him for violating his probation even though he had completed his sentence, received a discharge certificate, and "was [not] on any probation." [1] at 6−7. Rogers allegedly initiated the revocation proceedings, which Magee prosecuted. *Id.* Douglas accuses them of causing the revocation by "maliciously" misleading the state trial court as to Douglas's MDOC records and by falsely claiming Rogers was his probation officer. *See* [10] at 1–2. Douglas complains that, despite several letters to Jackson, Cain, Durr, and Christopher, they have not reversed the revocation. *See* [1] at 7.

As for the conditions of his current incarceration, Douglas asserts that Commissioner Cain "allowed" his employees at CMCF to beat him and deny him medical treatment. [10] at 1. Specifically, Douglas contends that Officer Idowe attacked him without provocation in February 2023. *See* [13] at 1–2, 4. As a result, Douglas alleges that his right shoulder and arm were injured, but Idowe and K-9 Officer Greene denied him medical care. *Id.* at 2.

Douglas claims that he was not treated for his shoulder until April 2023, when he received X-rays, ibuprofen, and muscle cream. *Id.* at 3. He contends, however, that Wiebowski and Davis refused to treat him at all and discontinued his medications. *Id.* at 4. He also accuses Davis of discontinuing his chronic obstructive pulmonary disease (COPD) medication. *Id.*

In August 2023, Douglas filed this action under Section 1983 and state constitutional law, asserting claims for wrongful incarceration, excessive force, and denial of medical treatment. *See* [1]. He brings the wrongful-incarceration claims against Cain, Magee, Christopher, Jackson, Rogers, Mallard, and Durr. *Id.* at 1; [10]. He asserts the excessive-force claims against Cain and Idowe. [10]; [13]. Further, he alleges deliberate indifference to serious medical needs against Cain, Idowe, Greene, Wiebowski, and Davis. *Id.* He seeks damages and surgery for his right shoulder and arm. [1] at 8.

II.     Analysis

Under the Prison Litigation Reform Act of 1996 (PLRA), district courts "must

dismiss" a prisoner-plaintiff's *in forma pauperis* Section 1983 claim if it is frivolous or fails to state a claim on which relief may be granted. *Collins v. Dall. Leadership Found.*, 77 F.4th 327, 329 (5th Cir. 2023) (citing 28 U.S.C. § 1915(e)(2)(B)). In this posture, the Court "may consider, sua sponte, affirmative defenses that are apparent from the record even where they have not been addressed or raised." *Cornwell v. Barbour*, No. 3:10-CV-610, 2011 WL 4903192, at *1 (S.D. Miss. Oct. 14, 2011) (quoting *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir. 1990)). The Court may "test the proceeding for frivolousness . . . even before service of process or before the filing of the answer." *Id.* (quoting same). "The Court has permitted [Douglas] to proceed *in forma pauperis* in this action. His Complaint is subject to *sua sponte* dismissal under Section 1915." *Id.*

A Section 1983 "claim which falls under the rule in *Heck* [*v. Humphrey*, 512 U.S. 477 (1994)] is legally frivolous unless the conviction or sentence at issue has been reversed, expunged, invalidated, or otherwise called into question." *Collins*, 77 F.4th at 329–30 (quotation omitted). Douglas's wrongful-confinement claims against Cain, Magee, Christopher, Jackson, Rogers, Mallard, and Durr "fall[] under the rule in *Heck*"; a judgment in his favor would necessarily "imply the invalidity" of his probation revocation and the resulting sentence. *Id.*; *see also Jackson v. Vannoy*, 49 F.3d 175, 177 (5th Cir. 1995) (per curiam). Therefore, the Court must dismiss those claims "'unless [Douglas] can demonstrate that the [probation revocation and sentence calculation have] already been invalidated' by being 'reversed on direct

4

appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus.'" *Id.* at 330 (quoting *Heck*, 512 U.S. at 487).

Douglas admits the revocation and resulting sentence have not been invalidated, so his wrongful-confinement claims for damages "have not yet accrued." *Cook v. City of Tyler*, 974 F.3d 537, 538 (5th Cir. 2020) (per curiam). The Court thus DISMISSES these claims "with prejudice to their being asserted again until the *Heck* conditions are met." *Id.* at 539 (quoting *Johnson v. McElveen*, 101 F.3d 423, 424 (5th Cir. 1996) (per curiam)).

Accordingly, the Court DISMISSES Douglas's wrongful-confinement claims and DISMISSES Defendants Magee, Christopher, Jackson, Rogers, Mallard, and Durr. Douglas's excessive-force claims against Cain and Idowe shall proceed in this case. His claims of deliberate indifference to serious medical needs against Cain, Idowe, Greene, Wiebowski, and Davis shall likewise proceed.

SO ORDERED, this 15th day of March, 2024.

s/ *Kristi H. Johnson*
UNITED STATES DISTRICT JUDGE